Matter of Larkem v New York City Conflicts of Interest Bd. (2020 NY Slip Op 02163)





Matter of Larkem v New York City Conflicts of Interest Bd.


2020 NY Slip Op 02163


Decided on April 2, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 2, 2020

Gische, J.P., Gesmer, Oing, Moulton, JJ.


11326 100351/18

[*1]In re Nasser Larkem, Petitioner,
v
New York City Conflicts of Interest Board, Respondent.


Nasser Larkem, petitioner pro se.
Georgia M. Pestana, Acting Corporation Counsel, New York (Tahirih M. Sadrieh of counsel), for respondents.



Determination of respondent, dated February 14, 2018, which, after a hearing, found that petitioner violated New York City ethics rules and imposed a penalty of $20,000, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New York County [Arlene P. Bluth, J.], entered August 2, 2018), dismissed, without costs.
Substantial evidence supports the determination that petitioner violated New York City Charter §§ 2604(b)(2) and 2604(a)(1)(b) (see generally 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 180-181 [1978]). The evidence showed that petitioner taught more than 400 hours of classes at the French Institute Alliance Francaise, an entity with contracts with the City, during his scheduled work hours at the Department of Education. There exists no basis to disturb the credibility determinations of the Administrative Law Judge (see Matter of Berenhaus v Ward, 70 NY2d 436, 443-444 [1987]; Sewell v City of New York, 182 AD2d 469, 473 [1st Dept 1992], lv denied 80 NY2d 756 [1992]).
The imposition of a $20,000 penalty for petitioner's violations does not shock one's sense of fairness in light of the egregiousness of petitioner's conduct (see Matter of Bolt v New York City Dept. of Educ., 30 NY3d 1065 [2018]).
We have considered petitioner's remaining arguments, including that he was not afforded due process, and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 2, 2020
CLERK